## OCTOBER, 1914.

### J. W. WHITFILL v. THE STATE.

No. 3179. Decided June 24, 1914.

Rehearing denied October 14, 1914.

**1.—Burglary—Theory of Defense—Charge of Court.**

Where, upon trial of burglary, the defendant claimed that he purchased the alleged stolen property from an unknown party, and the court in his charge and by defendant's requested charge submitted this theory of the case, there was no reversible error on that ground.

**2.—Same—Continuance—Second Application—Alibi.**

Where, upon trial of burglary, the defendant claimed an alibi and asked for a continuance on this ground, but did not allege in the application that the absent witness would swear that the co-defendant who turned State's evidence was at a certain place at the time of the burglary, but simply alleged that the witness would swear that when she heard of the burglary that defendant's co-defendant was at her house, and it was hardly probable that the alleged absent testimony would have been any more definite than that which was introduced on this point during the trial, there was no error in overruling defendant's second application for continuance, as the testimony was merely cumulative. Following Harvey v. State, 35 Texas Crim. Rep., 545.

**3.—Same—Evidence—Other Indictment—Argument of Counsel.**

Where, upon trial of burglary, it was permissible for the State to show that another indictment for felony was pending against the defendant, for the purpose of affecting his credibility, it was not proper for State's counsel to say in his argument that this was a strong circumstance to show defendant's guilt in the instant case; however, as no special charge was requested withdrawing this argument from the jury, and the court instructed them in the general charge that they could not consider the indictment of the other case for any other purpose than to aid them in determining the credibility of the defendant as a witness, there was no error.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Fears,* for appellant.—On question of argument of counsel on other indictment: Davis v. State, 54 Texas Crim. Rep., 236; Taylor v. State, 50 id., 560; Jenkins v. State, 49 id., 457; Smith v. State, 55 id., 563; Rodriguez v. State, 58 id., 275; Adams v. State, 47 id., 347.

Vol. 75 Crim.-1.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Willie Joley lost a set of harness, which was stolen from a barn on Kelley's place. A search warrant was secured and a set of harness identified by Joley as his harness was found in the possession of appellant, the hames being found above the ceiling in his residence. Appellant at the time, so a State's witness says, claimed that he had bought the harness from a hardware dealer in Ennis named Johnnie Mays. On the trial of this case appellant denied saying he got the harness from Mays, and testified he bought the harness and a horse from a trader traveling through the country in a covered wagon. He did not know the name of the man, and said he had never seen him before, but had seen him once since he made the trade, on the streets in Dallas, but did not now know where he was, and that he had never had any process issued for him.

Among other things, the court instructed the jury: "If you believe the harness claimed by Willie Joley was bought by defendant from a trader, or if you have a reasonable doubt thereof, you will acquit the defendant." He also gave, at the request of appellant, the following special charge: "You are further instructed, that if you believe from the evidence that the defendant bought the harness from a trader or from any person or that he got them from any person other than by acting in connection with John Mason, and breaking and entering Willie Joley's barn then you will acquit the defendant." Thus it is seen that the defensive plea of defendant was submitted by the court to the jury in a very favorable light, and appellant's complaint in regard thereto is without merit.

There were no bills of exception reserved to the introduction of testimony, but appellant complains the court erred in refusing to grant his application for a continuance. The record discloses it to be his second application, a continuance having been granted once by agreement to be charged to defendant to keep the witnesses from having to come to court at a time when it could not be tried. (McKinney v. State, 8 Texas Crim. App., 626.) He desired to continue the case on account of the absence of Mrs. Alice Whitfill, whom he alleges was sick and unable to attend court. He states he expects to prove by Mrs. Whitfill: "That one John Mason who was also indicted, charged with this same offense, has turned State's witness under a promise of immunity so defendant had been informed, and has promised on the trial of this cause to testify, that he was with defendant at the time of the alleged burglary of Willie Joley's house, and that he saw defendant break and enter said house and steal a set of harness, and that the harness found in defendant's possession were the harness stolen. That he expects to prove by Mrs. Alice Whitfill that she knows John Mason, and during most of the month of January and a part of February, 1913, said John Mason was at her home, about two and one-half miles from defendant's home, and that she heard of the burglary of

the home of Willie Joley, and that at said time said John Mason was at her house and not with defendant at all, and could not have seen defendant break or enter said house."

It may be stated that John Mason did testify as a witness for the State, and testified that he and appellant burglarized the barn and stole the harness, and the harness identified by Joley, which were found in appellant's possession, were in fact the harness of Joley. It is seen that appellant states· he expects to prove by Mrs. Alice Whitfill that Mason was staying at her house at the time she heard of the burglary, and if he was at her house at the time the harness was stolen, he, of course, could not have been with appellant and assisted him in committing the burglary and theft. Mrs. Whitfill's husband was in attendance on court and testified in the case, and while he testified that about this time John Mason was in and out of his place, but he also stated that Mason at times was at Alma, and other times would go over to appellant's and stay there. Under such circumstances we can not say that the court erred in overruling the application. It is shown by all the testimony that John Mason stayed a part of the time at Dick Whitfill's and a part of the time at appellant's, J. W. Whitfill. All he states he expects to prove by this witness is that at the time she heard of the burglary Mason was at her house. He does not state she will testify that Mason was at her house at the *time of the burglary,* but only when she heard of it. This may be absolutely true, and also the testimony of Mason may be true. And it is hardly probable that her testimony would have been any more definite than that of her husband, and if her testimony is only cumulative of that of her husband, a second application for a continuance will not be granted to secure cumulative testimony. (Harvey v. State, 35 Texas Crim. Rep., 545.)

Appellant took the stand and testified in his own behalf, and denied burglarizing the house and stealing the harness. On cross-examination he was asked if there was another indictment pending against him, charging him with burglary. It has always been held that such testimony is admissible for the purpose of affecting his credit as a witness. However, in the bill of exceptions it is shown that the county attorney in his argument, among other things, stated: "You heard the defendant on the witness stand admit that there was pending against him another indictment charging him with burglarizing the store of T. J. Kelsey, right in the same neighborhood. That in itself is a strong circumstance to show his guilt in this case." This argument was highly improper. The testimony was not admissible as a circumstance to show his guilt in this case. An indictment did not even tend to show his guilt in that case, much less his guilt in this case, and if appellant had reserved his exception to this remark properly and submitted a charge requesting the court to instruct the jury that such testimony did not tend to show the guilt of appellant in this case, and the remarks of the county attorney were improper and they should not con-

sider same, and the court had refused the charge, we would reverse the case because of such conduct. The bill, however, shows that when the remarks were made the defendant's attorney approached the presiding judge and stated that he wanted to reserve an exception to the remarks of the county attorney; that the court was busy with some other matter and did not hear the remarks, and stated to counsel that if he desired to object to the argument to go in front of the bar and do so; that he hardly thought it proper for him of his own motion to stop the county attorney, and preferred that appellant's counsel make his objection openly in court. This appellant's counsel declined to do, and in addition thereto asked no special charge in regard to the matter. Under such circumstances the bill does not present reversible error. When the court stated to counsel that he had not heard the remarks complained of, and requested counsel to make his objection openly, he should have done so. We do not mean to be understood, that if the court knew counsel for the State was making improper remarks he should not have stopped him whether objected to or not. It is the duty of trial judges to see that trials are had fair alike both to the State and defendant, and when any counsel uses improper argument in an attempt to secure either a conviction or acquittal, he should be promptly stopped by the judge, and the jury admonished not to consider such improper argument, and a judge who fails to do so is hardly doing his whole duty when he knows that improper argument is being used. However, in this instance the court says he was busy at some other matter and did not hear the remarks, and if so it was not an improper request to ask that counsel make his objection openly in court. Even if counsel did not desire to do so, certainly it was his duty to request a proper charge instructing the jury in regard to the matter. If he does not do so, he will not be heard later to complain. The court in approving the bill says that although counsel did not ask any charge in regard to the matter, on account of the complaint made to him by counsel he voluntarily instructed the jury as follows: "If you believe from the evidence that the defendant is now under indictment in this court charged with burglarizing the store of Tom Kelsey, you are instructed that if you consider such circumstances at all it could only be for the purpose of aiding you in determining the credibility of the defendant as a witness (if it does so aid you), and you must consider it for no other purpose whatever." We must consider jurymen empaneled in court as reasonable beings, and after they received this instruction we would be compelled to hold that they ignored the charge of the court, without any proof thereof, to give appellant any relief. There is no suggestion in the record that any of the jurymen in fact considered the testimony for any other purpose than as instructed by the court. However, we will state that prosecuting counsel are never authorized to seek to use testimony admitted for one purpose for a wholly different purpose, and if the record disclosed that any juryman was led, by the improper use of this testimony in

argument, to utilize such testimony in passing on the guilt of appellant, we would promptly reverse the case.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 14, 1914.—Reporter.]